NOT DESIGNATED FOR PUBLICATION

No. 120,659

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADRIAN STEWART,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed March 20, 2020. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Adrian Stewart admitted during a traffic stop the marijuana in his possession was his and he was taking it back to South Carolina to sell it. He now appeals his conviction of possession with intent to distribute marijuana, arguing the district court erred by not instructing the jury on simple possession of marijuana, which is a lesser included offense of possession with the intent to distribute. The State responds the lesser included offense instruction was factually inappropriate. The State's argument is persuasive. Finding no error by the district court, we affirm.

1

FACTS

On November 17, 2016, Highway Patrol Trooper Derek Carr stopped Stewart for driving 80 miles per hour on I-70 where the speed limit was 75 miles per hour. While Carr collected Stewart's license and proof of insurance, he started a conversation with Stewart and his passenger to learn about their travel plans. They informed Carr they were traveling home to South Carolina. During the conversation, Carr smelled raw marijuana coming from the interior of the car.

Carr ran the license information and prepared the speeding ticket. Carr then returned to the car and asked Stewart and his passenger to get out of the car. He informed Stewart he smelled marijuana and was conducting a probable cause search of the car.

During the search, Carr located a business card related to marijuana sales and 10 vacuum-sealed bags of marijuana. After finding the marijuana, Carr tried to place Stewart under arrest. Stewart slapped down Carr's hands and ran away. Following Stewart's lead, the passenger also fled.

Stewart and the passenger were apprehended about an hour later. Carr read Stewart his rights under *Miranda v. Arizona*, 384 U.S. 437, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and Stewart waived his rights and agreed to talk. Stewart informed Carr he had bought the marijuana for $9,000 in Colorado and was taking it to Charleston, South Carolina, to sell it.

Carr field tested the bags and confirmed they contained marijuana. The bags were then sent to the Kansas Bureau of Investigation (KBI) for testing, where each bag tested positive for marijuana containing tetrahydrocannabinol. Stewart was charged with possession of marijuana with the intent to distribute and interference with a law enforcement officer for running off.

At trial, Carr testified about the traffic stop and related events including Stewart's postarrest statements. The KBI forensic scientist testified the bags contained marijuana with tetrahydrocannabinol. Stewart testified in his defense and admitted to possessing the large quantity of marijuana. He also admitted to all the evidence against him.

At the end of the evidence, Stewart requested a jury instruction for the lesser included offense of simple possession of marijuana. The State objected, stating the instruction was factually inappropriate. The district court agreed with the State and refused to instruct the jury on the lesser included offense.

The jury convicted Stewart of possession of marijuana with intent to distribute and interference with law enforcement. The district court sentenced Stewart to a controlling sentence of 98 months in prison. The district court then granted a downward dispositional departure to 36 months of probation.

ANALYSIS

Stewart's only argument on appeal is the district court erred in not granting his request for the lesser included instruction.

"When analyzing jury instruction issues, we follow a three-step process:

"'(1) determining whether the appellate court can or should review the issue, *i.e.*, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considering the merits of the claim to determine whether error occurred below; and (3) assessing whether the error requires reversal, *i.e.*, whether the error can be deemed harmless.' [Citation omitted.]" *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018).

"Our first and third steps are interrelated in that whether a party has preserved a jury instruction issue will affect our reversibility inquiry at the third step." *State v. Bolze-*

*Sann*, 302 Kan. 198, 209, 352 P.3d 511 (2015). At the second step, we "'consider whether the subject instruction was legally and factually appropriate, employing an unlimited review of the entire record. *McLinn*, 307 Kan. at 318.

The record reflects Stewart requested the lesser included instruction of simple possession. Therefore, the issue was preserved, and we will review the district court's decision for harmlessness; otherwise, Stewart would have the burden to show the decision was clearly erroneous. See 307 Kan. at 318.

A lesser included offense is legally appropriate when "all elements of the lesser crime are identical to some of the elements of the crime charged." K.S.A. 2019 Supp. 21-5109(b)(2). The elements of a crime are determined by general principles of criminal liability and by the language of statutes which criminalize specific actions. See generally, K.S.A. 2019 Supp. 21-5102 (crimes defined).

To convict Stewart of possession with intent to distribute in violation of K.S.A. 2019 Supp. 21-5705(a)(4), the State had to prove Stewart: (1) possessed marijuana; (2) with the intent to distribute; (3) on or about November 17, 2016; (4) in Geary County, Kansas. By contrast, to convict Stewart of simple possession in violation of K.S.A. 2019 Supp. 21-5706(b)(3), the State would have had to prove Stewart: (1) possessed marijuana; (2) on or about November 17, 2016; (3) in Geary County, Kansas.

Simple possession in violation of K.S.A. 2019 Supp. 21-5706(b)(3) is a legally appropriate lesser included offense because all of its elements are identical to some of the elements of possession with intent to distribute in violation of K.S.A. 2019 Supp. 21-5705(a)(4). Possession with intent to distribute merely adds one additional element to the crime of simple possession—the intent to distribute.

> "Generally, a defendant is entitled to instructions on the law applicable to his or her defense theory if the evidence suffices for a rational factfinder to find for the defendant on that theory. If that defendant requests an instruction at trial, the court must view the evidence in the light most favorable to the defendant. This court examines jury instructions as a whole, without focusing on any single instruction, to determine whether they properly and fairly state the applicable law or whether it is reasonable to conclude that they could have misled the jury. *Murrin*, 309 Kan. at 391-92." *State v. Claerhout*, 310 Kan. 924, 936, 453 P.3d 855, 863-64 (2019).

Here, Carr and the KBI forensic chemist testified the quantity of marijuana in the bags exceeded 6 pounds, more than 2,700 grams. K.S.A. 2019 Supp. 21-5705(e)(1) establishes a rebuttable presumption that quantities of marijuana over 450 grams are possessed with intent to distribute. The jury was instructed on this presumption. Stewart testified in front of the jury that Carr's evidence was accurate. Carr testified Stewart admitted he was taking the marijuana to South Carolina to sell it. Under these facts, even when considered in a light most favorable to Stewart, there was no evidence presented for a rational fact-finder to find Stewart was in simple possession of the marijuana and not in possession with the intent distribute, i.e., sell when he arrived back in Charleston, South Carolina. The lesser included offense was factually inappropriate under these facts.

Even if it were error to exclude the lesser included offense instruction, the error was harmless beyond a reasonable doubt.

> "The United States Supreme Court held that 'before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.' *Chapman*, 386 U.S. at 24. The Court explained that this means that the 'beneficiary of [the] constitutional error . . . [must] prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' *Chapman*, 386 U.S. at 24." *State v. Ward*, 292 Kan. 541, 556, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

5

Because the intent to distribute was so clearly and obviously proven to the jury, any possible error would be harmless beyond a reasonable doubt. When viewed in a light most favorable to Stewart, the evidence here does not support the jury being instructed on the lesser included offense of simple possession of marijuana. He admitted he bought the six plus pounds of marijuana in Colorado with the intent to distribute it in South Carolina.

Affirmed.